UNITED STATES of America,

v.

Carlos Ivan LLERA PLAZA,
Defendant.

No. CR. A. 98–362–10.

United States District Court,
E.D. Pennsylvania.

Jan. 9, 2002.

---

Jules Epstein, Kairys & Rudovsky, Philadelphia, PA, Jose A. Muniz, New York City, Timothy J. Sullivan, Sullivan & Sullivan, College Park, MD, for defendant.

Thomas R. Perricone, U.S. Attorney's Office, David H. Resnicoff, Office of the U.S. Attorney, Philadelphia, PA, for U.S.

## OPINION

POLLAK, District Judge.

On August 24, 2001, defendant Carlos Ivan Llera Plaza filed a motion to exclude from his forthcoming trial certain evidence which the government has indicated its intention to prove. He has articulated arguments for the exclusion of this evidence pursuant to Federal Rules of Evidence 404(b) and 403. The government has contested the motion in its Trial Memorandum. Because the evidence in question does not constitute "other acts" so as to bring it within the ambit of Rule 404(b), and because its admission would not be unduly prejudicial in violation of Rule 403, the motion will be denied.

### Background of the Case

Llera Plaza has been charged with various counts relating to the alleged distribution of controlled substances, and various counts relating to certain alleged murders. Of particular significance to the instant motion is that Llera Plaza is alleged to have conspired to distribute, or to possess with intent to distribute, a controlled substance in violation of 21 U.S.C. § 846. Specifically, Llera Plaza is alleged to have participated in a drug distribution network to which the government refers as "the Rodriguez–Cacerez Drug Organization," or "RCDO." The grand jury summarized the government's case against Llera Plaza for § 846 conspiracy as follows: "Defendant

Llera Plaza and others known and unknown to the grand jury arranged for and assisted in the transportation of cocaine from Puerto Rico to Philadelphia for sale to the RCDO and further street-level resale by the RCDO. Defendant Llera Plaza also actively participated in a series of murders carried out to further the goals of the RCDO." Indictment, Count 1, ¶ 6.

**The Morales Evidence**

In support of its case for § 846 conspiracy against Llera Plaza, the government has stated its intention of proving the following at trial:

> During the period charged in the Indictment, the RCDO was selling a weekly average of over a kilo and a half of crack cocaine and over 3 kilos of powder cocaine, grossing well over $100,000 every week. The supply of cocaine for the RCDO came from various locations outside Philadelphia. One source of supply was Delphin Aponte Morales, a/k/a "Tiburon," a/k/a "Junior," who lived in Puerto Rico. Carlos Ivan Llera Plaza worked for Morales. Morales and Llera–Plaza arranged for and assisted in the transportation of multi-kilogram shipments of cocaine from Puerto Rico to the Philadelphia area for sale to the RCDO and for eventual street-level resale by the RCDO. In his role as supplier, Llera–Plaza had traveled to Philadelphia prior to and after June 1998.

Gov.'s Tr. Mem. 5. In order to prove these allegations, the government has given this description of the evidence it intends to introduce:

> The government will present evidence from cooperating witness Ivan Torres that defendant Llera–Plaza worked for Delphin Aponte Morales, a/k/a "Tiburon," a resident of Puerto Rico who was involved in drug sales in Puerto Rico and in the transportation of multi-kilogram quantities of cocaine from Puerto

Rico to the mainland. Some of those deliveries were to Victor Rodriguez in Philadelphia. Llera Plaza traveled to Philadelphia to oversee those cocaine deliveries, deliveries which occurred before the first of the murders charged in the indictment. Llera Plaza and Delphin Aponte Morales were aware of the RCDO's street level cocaine sales on Lawrence Street in Philadelphia and had repeated contact, both before and after the charged murders, with Rodriguez and others in the organization.

Gov.'s Tr. Mem. 25–26. The evidence that the government proposes to introduce, and that Llera Plaza seeks to exclude, will be referred to as "the Morales evidence."

**Analysis**

**A. Admissibility under Rule 404(b)**

In proceedings in United States courts, relevant evidence is admissible except as barred by a provision of the Constitution, by statute, by a Federal Rule of Evidence, or by other judicially prescribed rule; evidence which is not relevant is inadmissible. *See* Fed. R. Ev. 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Ev. 401. The Federal Rules of Evidence further provide for the admission of "other acts" evidence, as follows:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Fed.R.Ev. 404(b).

Llera Plaza seeks to bar the introduction of the Morales evidence on the

grounds that its admission would not conform with the precepts of Rule 404(b). He argues that the Morales evidence is "other evidence" in that it pertains to his activities in *supplying* the RCDO with drugs, and cannot, therefore, be deemed probative of his involvement in its *distribution* of drugs. "As Llera–Plaza is alleged to have supplied drugs to Rodriguez's organization, that does not make him a part of Rodriguez's drug-selling conspiracy." Def.'s Mot. ¶ 8A.

■ Llera Plaza's invocation of Rule 404(b) is misplaced. The Morales evidence is not "other acts" evidence, the admissibility of which is governed by Rule 404(b). In order to prove that Llera Plaza is guilty of violating 21 U.S.C. § 846, "[t]he Government has to prove... that there was (1) an agreement (2) for an illegal purpose, namely, to distribute or possess with intent to distribute (3) [a controlled substance]; (4) that that conspiracy was wilfully formed... and that... the defendant[ ] wilfully became a member of the conspiracy with the intent of furthering its unlawful purpose...." *United States v. Price,* 13 F.3d 711, 724 (3d Cir.1994) (quoting with approval instructions of district court to jury) (numbering of elements added). In other words, the elements are (1) agreement (2) to distribute or possess with intent to distribute (3) controlled substances (4) with specific intent. *See also United States v. McGlory,* 968 F.2d 309, 321 (3d Cir.1992); *United States v. Salmon,* 944 F.2d 1106, 1113 (3d Cir.1991).

Evidence tending to prove that Llera Plaza supplied drugs to the RCDO would be directly probative of his intent that those drugs be distributed, and directly probative of an agreement between Llera Plaza and his alleged co-conspirators that those drugs be distributed. For this reason, the Morales evidence is relevant within the meaning of Rule 402, and does not implicate Rule 404(b).

**B. Admissibility under Rule 403**

■ Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed.R.Ev. 403. By its terms, Rule 403 requires a weighing exercise. As discussed above, the Morales evidence is directly probative of the elements involved in the charge against Llera Plaza for conspiracy to distribute controlled substances. Its admission at trial would involve "prejudice" to the defendant in the sense that it would tend to strengthen the government's proof of the § 846 charge, but that sort of prejudice is what the adversary process is all about. What Rule 403 addresses is "unfair prejudice" generated by the admission of evidence whose intrinsic significance is small as compared with the likely impact it may have on the jury. The evidence that Llera Plaza seeks to exclude is not of marginal relevance, adding inconsequentially to the government's proof; it is central to the grand jury's charge. Under these circumstances, it is not the case that the "probative value [of the Morales evidence] is substantially outweighed by the danger of unfair prejudice."

**Conclusion**

Accordingly, in an order accompanying this opinion, defendant Carlos Ivan Llera Plaza's Motion to Bar "Other Acts Evidence" will be denied.